Smith, J.
We are of the opinion that the motion of the defendants to vacate and dissolve the injunction allowed by the court of *31 common pleas, by the final decree in the case, should be granted.
It appears from the pleadings and evidence, that the village of Carthage for some time past has been the owner of, and has operated a water works system for the protection of the citizens against damage by fire, and for furnishing them with water, which was operated by steam, and that it was deemed advisable by the authorities of the village to increase the capacity thereof, aud to construct in connection therewith an electric light plant, so as to provide for the lighting of the streets and avenues of the village to the best advantage aud at the least possible expense,; and on the 16th day ,of February, 1892, the village council passed a preample and resolution, declaring the necessity of the improvement, as before mentioned, and directing that the question of the issue of the bonds of the village, to an amount not exceeding $15,000.00, bearing interest, and payable as therein provided, be submitted to the voters of the village at the general election to be held Monday April 4, 1892, and that notice thereof be given according to law, and that those who should vote in favor of the proposition, should have written or printed on their ballots the words “ For the issue of bonds;” an*, that those who should vote against thesame should have written upon their ballots the words, “ Against the issue of bonds.”
An election was accordingly held as therein directed, and at such election there were cast 398 ballots on which were written or printed the following words: “Water works extension and electric light; for the issue of bonds;” and there were also cast 25 ballots on which were written or printed the words, “Water works extension and electric light; against the issue of bonds.”
There is no claim on the part of the counsel for the plaintiffs, that either the extension of the water works system of the village, or the erection of an electric plant thereby, for the lighting of the streets and avenues thereof, is not an improve *32 ment of a local character, for which, under the provisions of sections 2835-6 and 7, of the Revised Statutes, a tax may be legally and constitutionally levied to pay bonds issued by the village, if two-thirds of the voters of the village, voting at such election, on the question of issuing such bonds, vote in favor thereof. But the claim is, that where both of such improvements are coupled together in one resolution by the council, and in one vote thereon, for a specific sum for the whole, that it is in contravention of the law, and the issue of the bonds would be illegal.
E. A. Ferguson, attorney for'plaintiffs.
■ S. 'By Hammél, attorney for defendants.
The terms of the statute having been fully complied with in all other respects, and more than two-thirds of those voting on the proposition, having voted for the issue of the bonds, for the purpose or purposes indicated, the only question in the case is, whether the submission was legal.
Though section 2835 states specifically many improvements or purchases which may be made by a municipal corporation by means of the issuing of bonds when authorized to do so, as provided by section 2837, and authorizes also any other improvement ofa local character for which a tax may be constitutionally levied, there is is no express provision in the statute, and we see no implication therein, that the council may not unite in the proposed improvement two or more things so authorized, particularly if they are so intimately connected, as in fact to form but one improvement, as the evidence shows it to be in the case under consideration. For instance, it would seem to be most reasonable and in accordance with the spirit of the law, that a proposition to purchase a site for public offices, and to erect such offices thereon, is substantially the same improvement, and the resolution declaring the intention of the council to do this, and the sub- ' mission of the question of the issue of a certain amount of bonds therefor, is one proposition, and is therefore legal and right. And such, we think, is the case here.